IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA
(1300 South Harrison Street, Fort Wayne, IN 46802)

|  |  |
|---|---|
| Presidential Candidate Number P60005535 )<br>"also known as" (aka) Ronald Satish Emrit, )<br>& Presidential Committee/Political Action )<br>Committee/Separate Segregated Fund (SSF) )<br>Number C00569897 d/b/a United )<br>Emrits of America )<br>    Plaintiffs (Pro Se) )<br>)<br>v. )<br>)<br>United STates Patent and TRademark Office )<br>    (USPTO), United States Department )<br>    of Commerce, NASA Goddard Space )<br>    Flight Center (GSFC) in Greenbelt, )<br>    Maryland, American INstitute of )<br>    Physics (AIP), Kennedy Space Center )<br>    in Cape Canaveral, Florida, )<br>    and National Science Foundation )<br>    (NSF) )<br>    Defendants )<br>)<br>) | -FILED-<br>APR 1 0 2025<br>At _____ M<br>Chanda J. Berta, Clerk<br>U.S. DISTRICT COURT<br>NORTHERN DISTRICT OF INDIANA<br><br>C. A. No.:  1:25CV170 |

*******************************************************************

## COMPLAINT

COMES NOW, the plaintiff Ronald Satish Emrit, who is bringing forth this complaint against the following four defendants in the amount of $500 billion against the aforementioned defendants for the tortious interference with business

relations and/or contracts. In bringing forth this complaint, the plaintiff states, avers, and alleges the following

## I.) NATURE OF THE CASE

1.) Pursuant to **35 U.S.C. Section 101**, the plaintiff is trying to obtain a design patent or utility patent for three ideas in particular related to quantum mechanics, astrophysics, general relativity, and special relativity
2.) Pursuant to the landmark case of ***Diamond v. Chakrabarty***, a Hindu scientist working for General Electric was able to obtain a patent for a microorganism that cleaned up oil spills according to the **Plant Variety Act or Plant Patent Act**.
3.) Accordingly, the legal paperwork required for this process is usually a **Notice of Allowance (NOA), Request for Continued Examination (RCE), and Continued Prosecution Application (CPA)** not to be confused with Certified Public Accountant and American Institute of Certified Public Accountants (AICPA) who observe **generally-accepted accounting principles (GAAP)** promulgated by **Financial Accounting Standards Board (FASB)**.
4.) In addition, the plaintiff is filing a similar case in this jurisdiction against **World Intellectual Property Organization (WIPO) of Geneva, Switzerland** which would focus on an **International Application (IA)** submitted according to **Patent Cooperation Treaty (PCT)**.
5.) As such, the WIPO and USPTO both have jurisdiction and authority to issue a patent nationally in United States according to patent examiners at USPTO and internationally in Geneva, Switzerland according to WIPO and their patent examiners subject to Patent Cooperation Treaty (PCT) involving an International Application (IA) and perhaps **Trade Related Aspects of Intellectual Property (TRIPS)** such as the licensing of generic pharmaceuticals created by **General Agreement on Tariffs and Trade (GATT)** better known as **World Trade Organization (WTO)**.
6.) The important offices under the jurisdiction of USPTO are the **Office of Initial Patent Examination (OIPE)** and **Technology Center (TC)** which supposedly would handle the aforementioned forms of Request for

      Continued Examination (RCE), Continued Prosecution Application (CPA), and/or the final Notice of Allowance (NOA).
7.) These are the forms which the plaintiff does not know how to fill out with UNited States Patent and Trademark Office (USPTO) under United States Department of Commerce without a patent or intellectual property attorney

https://www.uspto.gov/sites/default/files/documents/sb0030.pdf

https://www.uspto.gov/continued-prosecution-application-cpa-practice

https://www.uspto.gov/web/offices/pac/mpep/s1303.html

## II.) PARTIES TO THIS LITIGATION

8.) The plaintiff is an indigent, disabled, and unemployed resident of the state of Florida and Maryland (the plaintiff spends half of the year in Florida and the other half in Maryland traveling with his father who is a widely-recognized musician in several states on the Atlantic coast). His current mailing address is 5108 Cornelias Prospect Drive, Bowie, Maryland 20720. His cell phone number is currently (703)936-3043 and his primary email address is einsteinrockstar2@outlook.com.

9.) The first defendant is United States Patent and Trademark Office (USPTO). The address and phone number for USPTO is 600 Dulany St., Alexandria, VA, 800-786-9199 usptoinfo@uspto.gov

10.) The second defendant United States Department of Commerce. The address and phone number for Department of Commerce is 1401 Constitution Ave NW Washington, DC 20230 (202) 482-2000 Directives@doc.gov FACA@doc.gov

11.) The third defendant is NASA Goddard Space Flight Center (GSFC) in Greenbelt, Maryland 9432 Greenbelt Rd, Greenbelt, MD 20771 (301) 286-8981 GSFC-VisitorCenter@mail.nasa.gov goddard-visitor-center-programs@lists.nasa.gov

12.) The fourth defendant is Kennedy Space Center in Cape Canaveral, FloridaMail Code DNPS, Kennedy Space Center, FL 32899 Space Commerce Way, Merritt Island, FL 32953 ksc-public-inquiries@mail.nasa.gov 1-855-433-4210 ksc-newsroom@mail.nasa.gov ksc-media-accreditat@mail.nasa.gov

13.) The fifth defendant is American INstitute of Physics (AIP)1 Physics Ellipse, College Park, MD 207401305 Walt Whitman Rd., Suite 300

Melville, NY 11747-4300555 12th Street NW, Suite 250, Washington DC 20004web_management@aip.org, +1 301-209-3100(800) 892-8259

14.) The sixth and final defendant is National Science Foundation., 2415 Eisenhower Avenue, Alexandria, VA 22314(703) 292-5111(800) 877-8339

### III.) JURISDICTION AND VENUE

15.) According to Federal Rules of Civil Procedure 8(a)(1), Plaintiff is required to provide "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;"

16.) Because the court does not already have personal or subject matter jurisdiction over this issue, it is necessary to engage in a brief discussion of the court's jurisdiction so that the defendants can not move to dismiss this case based on procedural grounds involving a lack of proper jurisdiction.

17.) Pursuant to 28 U.S.C.A. Section 1332, the U.S. District Court for the District of Eastern Louisiana (as an Article III court) has jurisdiction over this matter because there is complete diversity of jurisdiction between the Plaintiff and the four defendants given that the plaintiff lives in Sarasota, Florida and no longer in Fort Worth, Texas.

18.) As an Article III court, the U.S. District Court for the District of Louisiana also has subject matter jurisdiction over the present case at bar because this proceeding involves a discussion of Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act of 1990, Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause.

19.) Therefore, a federal question is presented by the implication of the black-letter law of the aforementioned federal statutes in addition to the discussion of Constitutional Law provisions.

20.) Venue in this jurisdiction is also proper pursuant to 28 U.S.C.A. Sections 1391 and 1400.

21.) Because the amount in controversy does exceeds $75,000 (i.e. $500,000,000,000 is more than $75.000), this court has jurisdiction on the grounds of diversity and a federal question presented.

## IV.) STATEMENT OF FACTS

22.) The plaintiff has been trying to obtain a design patent or utility patent for the following ideas related to quantum mechanics, special relativity, general relativity, and astrophysics:

A.) Black Holes are connected to White Holes by wormholes o Einstein-Rosen bridges

B.) All four forces (gravity, electromagnetic, strong, and weak) are unified at gravitational singularity of supermassive black hole in region of Sagittarius A* at center of Milky Way Galaxy as barred spiral galaxy in the Local Group (LG) of galaxies with nearby Andromeda (Messier 31), Triangulum Galaxy (Pinwheel), Large Magellanic Cloud (LMC), and Small Magellanic Cloud (SMC) as nearby dwarf galaxies

C.) The combination of black holes, white holes, and wormholes are shaped like a Calabi-Yau manifold which involves an extra six or seven dimensions in addition to Minkowski-Space time (three spatial dimensions and one time dimension)

23.) The plaintiff has presented these ideas to American Institute of Physics (AIP) through email and over the phone

24.) In addition, the plaintiff has presented these ideas to NASA Goddard Space Flight Center (GSFC) of Greenbelt, Maryland to the fax number of (301)286-9319 and to michelle.thaller@nasa.gov

25.) Furthermore, the plaintiff has presented these ideas to National Science Foundation (NSF) which presumably owns and operates the Robert C. Byrd telescope at Green Bank Observatory (GBO) in West Virginia in one of the

only radio-quiet zones in North America where only diesel engines are allowed because ignition interferes with radio signals being interpreted from outer space.

26.) The plaintiff argues that it is much more feasible for him to prepare these ideas in a complaint to the federal judiciary rather than going though the "red tape" of patent examiners and perhaps presenting these ideas to Administrative Law Judge (ALJ) involving the executive branch of federal government regulated by Code of Federal Regulations (CFR) and/or Federal Register in addition to United States Code Annotated (USCA) and United States Code Service (USCS) drafted by Congress involving bicameralism and presentment.

27.) The plaintiff learned from Dr. Indre Viskontas of the Teaching Company based in Chantilly, Virginia that all 4 forces (gravity, electromagnetic, strong, and weak) were unified before the Big Bang and that all 4 forces were separated afterThe Big Bang.

28.) In addition, the plaintiff learned from Dr. Richard Wolfson of Middlebury College of Vermont that the cosmic microwave background radiation (SMBR) was released when the electrons were being captured by the nuclei and then the universe became more transparent to radiation being emitted rather than being opaque.

29.) Accordingly, the cosmic microwave background radiation was discovered by both Arno Penzias (AP) and Robert Wilson (RW) at Bell Laboratories in Homedell, New Jersey who were later awarded the Nobel Prize for their amazing discovery which they originally thought were pigeon dropping as in the Pigeonhole Principle in Number Theory.

30.) The cosmic microwave background radiation was monitored by both Cosmic Background Explorer (COBE) satellite and Wilkinson MIcrowave Anisotropy Probe (WMAP).

31.) The plaintiff's music video for Three-Car Garage features the model Ashton P. (AP) at Roger Williams (RW) park in Rhode Island at Temple of Music which the plaintiff believes is connected to Temple of Artemis and The Hanging Gardens of Babylon (THGOB) as ancient wonders of the world.

https://www.youtube.com/watch?v=As8GMnZ5RTE

https://music.apple.com/us/music-video/three-car-garage/775047944

https://www.youtube.com/watch?v=1o1jeo3S0bc

https://www.youtube.com/watch?v=DadiNFmTxak

https://en.wikipedia.org/wiki/Hanging_Gardens_of_Babylon

https://en.wikipedia.org/wiki/Temple_of_Music

https://en.wikipedia.org/wiki/Laurence_Gardner

https://en.wikipedia.org/wiki/Mausoleum_at_Halicarnassus

https://en.wikipedia.org/wiki/Great_Pyramid_of_Giza

https://www.amazon.com/Bloodlines-Illuminati-1-Fritz-Springmeier/dp/1796271500/ref=sr_1_1?crid=3FWDUS9763PJQ&dib=eyJ2IjoiMSJ9.vTgQK0tP7OfCtrrGH6EOfXu-_7dK2G7NH0uxQokRnqytZ6zg00WUOkbOaxHfGhaAXwIOIvwiraregVNCyztJ-gPXVZgqjrKAEy_dbcSNt7OxgRDGIF2mAaHsyGUVKaDD31MiHxWBiD0m63Cirt82BPd8xUKm-KEWPuhhkOG5gsmdYv5T7xcxbXkQWanhuBuFKzLykvq8uGXpGoCdn9Ieo1dGr-aByXiEsNiJZpgqHVI.l4YRctmLJgBWppw-7xwlGCMBsvXKUvh48rrqU6Jwaf0&dib_tag=se&keywords=Bloodlines+of+Illuminati&qid=1743288972&sprefix=bloodlines+of+illuminat%2Caps%2C233&sr=8-1

https://en.wikipedia.org/wiki/The_World_Factbook

https://en.wikipedia.org/wiki/United_States_Government_Publishing_Office

https://en.wikipedia.org/wiki/Skyhorse_Publishing

https://digitalcommons.fiu.edu/classracecorporatepower/vol8/iss1/3/

32.) The plaintiff's membership number with ASCAP is **1696427** and the plaintiff has been a member of ASCAP since 2005 when he signed an IRS Form W-9 and chose ASCAP to be his Performing Rights Organization (PRO) instead of Broadcast Music, Inc. (BMI) or SESAC. These are the Work ID numbers and ISWC codes for "Satish Dat Beast" on ASCAP

https://www.ascap.com/repertory#/ace/performer/SATISH%20DAT%20BEAST

33.) However, the plaintiff has never received one royalty check from ASCAP since 2005 and filed a lawsuit for an accounting of the profits in 2013 against ASCAP, Sound Exchange, and Tunecore in USA District Court of Rhode Island at One Exchange Terrace presided over by Chief Judge Mary Lisi and Magistrate Judge LIncoln D. Almond where the clerks of the court were John Duhamel and Kerrie Johnson.

34.) The UPC barcode for the plaintiff's first album "Unleash the Beast" is **837101366137** which was manufactured by Disc Makers of Pennsauken, New Jersey and distributed by CD Baby of Portland, Oregon both of which have the parent corporation Audio Visual Labs (AVL) represented by the attorney Joseph Armstrong of Offit Kurman law firm in Philadelphia, PA.

35.) The ASIN number for the plaintiff's album WElcome to Atlantis on Amazon is **B01MFFO0U6** which was distributed by Ditto Music of England

https://dittomusic.com/en

36.) These are the ISRC numbers for "Satish Dat Beast" provided my Sound Exchange of Washington, DC represented by attorney Barry Slotnick of New York in Rhode Island case https://isrc.soundexchange.com/?tab=%22simple%22&artistName=%22Satish+Dat+Beast%22

37.) This website with Library of Congress proves that the plaintiff has music which is copyrighted with Form PA and Form SR

https://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?v1=1&ti=1,1&Search%5FArg=Satish%20Dat%20Beast&Search%5FCode=FT%2A&CNT=25&PID=ZmkFZh7Cqsf9li05NI5D9TeYPqelvwB&SEQ=20250330013810&SID=7

https://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?v1=2&ti=1,2&Search%5FArg=Satish%20Dat%20Beast&Search%5FCode=FT%2A&CNT=25&PID=LPyTM_AEtTbHUPkj2i4M_3yq4NZ16Kh&SEQ=20250330013924&SID=12

38.) In addition, these are popular websites which feature the plaintiff's music

https://music.apple.com/us/artist/satish-dat-beast/199154290

https://www.amazon.com/Very-Best-Satish-Beast-Explicit/dp/B00PJARJ78

https://open.spotify.com/album/6iO4f55AzRLFTQoNUqSfkw

https://www.iheart.com/artist/satish-dat-beast-804654/

https://tidal.com/browse/artist/10951645

https://www.soundclick.com/satishdatbeast

39.) These are the results when somebody does a Google search for the key words "Satish Dat Beast" involving search engine optimization (SEO) about which the plaintiff learned from the late Beryl Wolk of Jenkintown, Pennsylvania and The Goodway Group

https://www.google.com/search?q=Satish+Dat+Beast&sca_esv=ccca17a2e78580eb&sxsrf=AHTn8zroGgpRdNFa-VeMCCGl5_ZwIpAQYg%3A1743312643433&ei=A9foZ_2WGoWNwbkP_7qb4Aw&ved=0ahUKEwi9pODWibGMAxWFRjABHX_dBswQ4dUDCBA&uact=5&oq=Satish+Dat+Beast&gs_lp=Egxnd3Mtd2l6LXNlcnAiEFNhdGlzaCBEYXQgQmVhc3QyBBAjGCcyBBAjGCcyBBAjGCcyBRAAGO8FMggQABiiBBiJBTIFEAAY7wUyCBAAGIAEGKIEMgUQABjvBUjUFlAAWKIUcAB4AJABAJgB9QGgAe8MqgEGMTIuMy4xuAEDyAEA-AEBmAIQoAKEDsICCxAAGIAEGJECGIoFwgIREC4YgAQYkQIY0QMYxwEYigXCAhAQABiABBixAxixAxixAxjLADEIEAAYkAIYvBQGMYxwEYoAQYsQMYkAYxjHARiKBcICChAAGIAEGLEDGIoFwgIKEAAYgAQYQxiKBcICEBAuGIAEGLEDGEMYgwEYigXCAhEQLhiABBixAxiDARixAxiDARiKBcICBRAAGIAEGgIBABgGGAYxiKBcICBRAhiABBixCAgoQABiABBgUGIcCGLEDGIMBGIAEBgWGB7CAgsQABiABBiGAxiKBZgDAJIHBTkuNi4xoAewhgI&sclient=gws-wiz-serp

40.) In addition, these are the results from the search engine for "satish Dat Beast" on YouTube which is a well-known subsidiary of Google and the parent corporation Alphabet publicly-traded on New York Stock Exchange (NYSE) or NASDAQ as over-the-counter market (OTC) for technology stocks

https://www.youtube.com/results?search_query=Satish+Dat+Beast

## V.) COUNT ONE: TORTIOUS INTERFERENCE WITH CONTRACT

41.) Tortious interference with contract arises when a defendant intentionally convinces or causes a third party to breach its contract with

the plaintiff, which results in damages to the plaintiff. Some courts refer to the claim by other names, such as tortious or intentional interference with contractual relationship or contract rights.

42.) The elements of the tort can vary by state but generally include the following:

A.) A valid contract between the plaintiff and a third party exists.

B.) The defendant has knowledge of that contract.

C.) The defendant has the requisite intent to induce the third party to breach the contract with the plaintiff.

D.) The defendant lacks justification to induce that breach.

E.) The breach causes damages to the plaintiff.

## VI.) COUNT TWO: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

43.) Tortious interference with business relationship is a similar claim that typically arises when no valid contract exists and a defendant intentionally interferes with the business relationship between a third party and the plaintiff, resulting in damages to the plaintiff. Some courts refer to the claim by other names, such as tortious or intentional interference with prospective or existing business advantage, tortious or intentional interference with prospective or existing economic advantage, and tortious or intentional interference with business expectancy.

44.) The elements of the tort can vary by state but generally include the following:

A.) A business relationship exists between the plaintiff and a third party that affords the plaintiff some legal right.

B.) The defendant has knowledge of that relationship.

C.) The defendant has the requisite intent to interfere with the relationship between the third party and the plaintiff.

D.) The defendant lacks justification to interfere with that relationship.

E.) The breach causes damages to the plaintiff.

## VI.) PRAYER FOR RELIEF

WHEREFORE, the plaintiff is seeking punitive, compensatory, and treble damages in the approximate amount of $500 billion against the 6 governmental defendants seeking joint and several liability whereby the defendants would presumably seek contribution and indemnity from each other through the filing of cross-claims. The plaintiff is also requesting that the first two defendants United States Patent and Trademark office (USPTO) and United States Department of Commerce award the plaintiff with both a design patent and utility patent for his ideas related to quantum mechanics, astrophysics, general relativity, and special relativity without having to go through the " red tape" of obtaining a patent or intellectual property law attorney to fill out the request for continued examination (RCE), continued prosecution application (CPA), and/or notice of allowance in the Office of Initial Patent Examination (OIPE) and/or Technology Center (TC) presumably in Alexandria, Virginia in the Eastern District of Virginia. In asserting this "prayer for relief," the plaintiff states, avers, and alleges the following:

A.) This proposed judgment in the amount of $500,000,000,000 would be considered to be punitive, compensatory, and treble damages for both the tortious interference with contracts and tortious interference with business relations according to Restatement (Third) of Torts and perhaps the Restatement (Second) of Contracts despite the Gist of the Action Doctrine separating common law tort issues from common law contract issues and the sale of goods in excess of $500 regulated by Article 2 of Uniform Commercial Code (UCC)..

B.) The plaintiff is also seeking the equitable remedy of an injunction requiring and/or mandating that the first two defendants in particular provide the plaintiff with a design patent and/or utility patent for his three ideas related to astrophysics according to 35 U.S.C. Section 101 and a broad interpretation of the stare decisis/controlling precedent of ***Diamond v. Chakrabarty***.

C.) Furthermore, the plaintiff is seeking the equitable remedy of an injunction requiring and/or mandating that the defendants NASA Goddard Space Flight Center (GSFC), American Institute of Physics (AIP), Kennedy Space Center in Canaveral, Florida, and National Science Foundation (NSF) recognize the plaintiff's three ideas related to quantum mechanics and astrophysics even though there is no mathematical proof for these ideas according to the laws of calculus, geometry, trigonometry, algebra, arithmetic, statistics, Number Theory, topology, and /or Applied Mathematics.

D.) Pursuant to a broad interpretation of **_Gideon v. Wainwright_**, the plaintiff argues that he is entitled to the effective assistance of counsel according to the Sixth Amendment even in business law cases and not just criminal law cases involving felonies and/or misdemeanors. As such, the plaintiff believes that the court should appoint him an intellectual property or patent law attorney to help him with his claims with United States Patent and Trademark Office (USPTO) in the event that this complaint in the federal judiciary leads to an administrative proceeding before an Administrative Law Judge (ALJ) and/or an application of the Administrative Procedures Act (APA).

Respectfully submitted,

Ronald Satish Emrit

6655 38th Lane East

Sarasota, Florida 34243

(703)936-3043

einsteinrockstar@hotmail.com

einsteinrockstar2@outlook.com