UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **PRESIDENTIAL CANDIDATE NUMBER P60005535 and PRESIDENTIAL COMMITTEE/PRESIDENTIAL ACTION COMITTEEE/SEPARATE SEGREGATED FUND NUMBER C00569897** )<br>)<br>)<br>)<br>)<br>) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | CASE NO.: 1:25-cv-170-HAB |
| ) | |
| **UNITED STATES PATENT AND TRADEMARK OFFICE, et al.,** )<br>) | |
| ) | |
| **Defendants,** )<br>) | |

## OPINION AND ORDER

Plaintiffs, proceeding pro se, sue Defendants asserting two causes of action: "Count One: Tortious Interference with Contract" and "Count Two: Tortious Interference with Business Relations[.]" (ECF No. 1 at 10-11). Although difficult to discern, Plaintiffs apparently believe that they designed some technology deserving of a patent and that Defendants somehow prevented them from profiting from it. Plaintiff, Presidential Candidate Number P60005535 ("Emrit"), simultaneously moved to pursue his case in forma pauperis ("IFP"). (ECF No. 2).

First, a bit of background on Emrit. He is a serial filer in the federal courts.[1] Sometimes he uses his legal name and sometimes he uses Presidential Candidate Number P60005535, but almost always his lawsuits are frivolous:

> Emrit has an extensive history of abusing the privilege of proceeding *in forma pauperis* and "has been acknowledged as a vexatious litigator in at least six district courts." *Emrit v. Universal Music Grp.*, No. 19-05984, 2019 U.S. Dist. LEXIS

---
[1] The Court takes judicial notice of Emrit's multitude of federal complaints. According to the Public Access to Court Electronic Records ("PACER"), Emrit has filed over 900 actions throughout the country. *See* https://pcl.uscourts.gov (last visited Apr. 29, 2025).

> 204613, 2019 WL 6251365, at *2 (W.D. Wash. Nov. 4, 2019), *report and recommendation adopted*, 2019 U.S. Dist. LEXIS 203465, 2019 WL 6251192 (W.D. Wash. Nov. 22, 2019). A search of federal court docket records reveals that Emrit has filed over 250 federal lawsuits since 2013 in courts around the country. A Westlaw search of all federal courts for "Ronald Satish Emrit" yields scores of orders and opinions. A sampling of these orders indicates that most, if not all, of his cases were accompanied by applications to proceed *in forma pauperis* and were dismissed for improper venue or for failure to state a claim upon screening under 28 U.S.C. § 1915(e)(2). Emrit was recently denied the privilege of proceeding *in forma pauperis* in [the] United States District Court for the Northern District of Texas in *Emrit v. Pratt*, Civ. A. No. 23-344 (N.D. Texas) upon a finding that he had abused the privilege by filing frivolous lawsuits, noting he had been repeatedly sanctioned by federal courts. (*Id.* ECF No. 5 (Order of Apr. 4, 2023)).

*Emrit v. Combs*, 2024 WL 199548, at *1 n.1 (E.D. Pa. Jan. 18, 2024). That order was issued a year ago and Emrit shows no signs of slowing down. In fact, he has filed identical complaints to this lawsuit all throughout the country:

> Finally, the court notes that Plaintiff is a frequent flyer in the federal courts and has filed hundreds of frivolous lawsuits to date. *See Emrit v. Universal Music Grp.*, No. 3:19-CV-05984-BHS, 2019 U.S. Dist. LEXIS 204613, at *3 (W.D. Wash. Nov. 4, 2019) (collecting cases); *Emrit v. Combs*, No. 1:24-cv-129, 2024 U.S. Dist. LEXIS 44998, at *1 (W.D. Mich. Mar. 14, 2024) (Emrit has filed "hundreds of frivolous legal actions" over the last ten years). Most relevantly to the present case, he appears to have filed this exact same complaint over the past few weeks in the Eastern District of Louisiana (Case No. 25-00720), Middle District of Louisiana (25-00301), Western District of Louisiana (25-00453), Southern District of Indiana (25-00723), Northern District of Indiana (25-00170), Vermont District Court (25-00392), Maine District Court (25-00141), Middle District of North Carolina (25-00279), Eastern District of Texas (25-00167), and possibly more.

*Emrit v. United States Pat.,* 2025 U.S. Dist. LEXIS 77408, at *6-7 (E.D. Mich. Apr. 23, 2025). The Eastern District of Michigan dismissed Emrit's case for lack of subject matter and failure to state a claim on which relief may be granted. *Id.* at *4 ("After a thorough and careful review of Plaintiff's complaint, taking all allegations as true and construing them liberally, Plaintiff fails to

2

invoke this court's subject matter jurisdiction or state a claim on which relief may be granted."). Being that Emrit's case here is based on the exact same complaint, the same result is warranted.[2]

Pursuant to 28 U.S.C. § 1915, the court "may authorize the commencement [of this case] without pre-payment of fees [if] the person is unable to pay such fees . . . ." A person is unable to pay the filing fee if "because of his poverty [doing so would result in the inability] to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks omitted). In a Chapter 7 Bankruptcy case, the filing fee may be waived "if the court determines that such individual has income less than 150 percent of the income official poverty line." 28 U.S.C. § 1930(f)(1)[3]. Though this is not a Bankruptcy case, the judicial discretion afforded by 28 U.S.C. § 1915 permits application of the same threshold. *See Merritte v. Templeton*, 493 F. App'x 782, 784 (7th Cir. 2012) ("Courts have wide discretion to decide whether a litigant is impoverished."). The Poverty Line is set annually by the United States Department of Health and Human Services pursuant to 42 U.S.C. § 9902.

Here, Emrit states he is single with no dependent children and that his sole source of income is social security. Based on the Emrit's representations, the Court finds that he meets the financial requirements to proceed in forma pauperis.

However, "[c]ourts ... have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service." *Hoskins v. Poelstra*, 320 F.3d

---

[2] *See also Emrit v. USPTO*, 25-cv-00720, ECF No. 3 (E.D. La. Apr. 17, 2025) (dismissing this exact same complaint brought in that district and discussing in detail the lack of any merit or plausibility to his allegations).
[3] *See also* https://www.uscourts.gov/sites/default/files/poverty-guidelines.pdf (150% of the HHS Poverty Guidelines for 2025).

3

761, 762 (7th Cir. 2003). For the reasons explained below, there is a complete absence of a plausible federal claim alleged in the complaint and "[t]he Supreme Court has frequently said that a suit which is frivolous does not invoke the jurisdiction of the federal courts...." *Crowley Cutlery Company v. United States*, 849 F.2d 273 (7th Cir. 1988). And as for his state law claims and the potential for diversity jurisdiction—even assuming his state law claims were not frivolous—Emrit fails to establish diversity of citizenship.

To the extent that Emrit's Complaint is coherent at all, any federal claim lacks an arguable basis in law or fact.[4] *See Neitzke v. Williams*, 490 U.S. 319, 323 (1989) ("The frivolousness standard, authorizing *sua sponte* dismissal of an *in forma pauperis* complaint" is satisfied "if the petitioner cannot make any rational argument in law or fact which would entitle him or her to relief[.]"). When viewing the facts alleged in the light most favorably to Emrit, it appears he seeks to "avoid the red tape" of United States patent law and asks this Court to grant him a patent and require the government and other agencies to adopt his ideas regarding quantum mechanics, astrophysics, general relativity, and special relativity. (ECF No. 1; *See also Emrit v. USPTO*, 2:25-cv-00720, ECF No. 3 (E.D. La. Apr. 17, 2025)). But even assuming such extraordinary relief was possible, his theories lack facial plausibility and the factual basis of his claims are frivolous.[5] (ECF No. 1 at 5-6 ("The plaintiff's music video . . . is connected to [the] Temple of Artemis and the Hanging Gardens of Babylon[.]")). And even Emrit acknowledges that "there is no mathematical proof for these ideas according to the laws of calculus, geometry, trigonometry, algebra, arithmetic, statistics, Number Theory, topology, and/or Applied Mathematics." (*Id.* at 13). He

---

[4] For example, "[f]or reasons neither explained by Plaintiff nor understandable as written, Plaintiff [] spends four pages of the Complaint apparently including links to music videos." *Emrit v. USPTO*, 25-cv-00720, ECF No. 3 (E.D. La. Apr. 17, 2025).

[5] *See Neitzke,* 490 U.S. 319, 327-28 ("Frivolous claims" include those that are "based on an indisputably meritless legal theory" or describe "fantastic or delusional scenarios.").

4

"simply fails to state any constitutional claim whatsoever," *Emrit*, 2:25-cv-00720, ECF No. 3 at 6 (E.D. La. Apr. 17, 2025), or present a "violation of federal law to invoke this court's federal question jurisdiction." *Emrit,* 2025 U.S. Dist. LEXIS 77408, at *5.

Moving to Emrit's state law claims and possible invocation of diversity, his complaint again falls well short. The Court notes that, as with any potential federal claims, he fails to allege any facts that explain how Defendants have interfered with Emrit's contracts or business relationships. (ECF No. 1). More importantly, Emrit's jurisdictional statement alleges only that the Eastern District of Louisiana might have jurisdiction over the case—not the Northern District of Indiana. (ECF No. 1 at 4-5). But even the Eastern District of Louisiana found that Emrit had not invoked its jurisdiction because he did not allege the citizenship of any party. *Emrit*, 2:25-cv-00720, ECF No. 3 at 6 (E.D. La. Apr. 17, 2025); *Hammes v. AAMCO Transmissions*, 33 F.3d 774, 778 (7th Cir. 1994) ("[T]he complaint must allege the citizenship of the parties" to establish diversity jurisdiction.). The same is true here and, even if it were not, the Court would still be satisfied that Emrit's state law claims meet the frivolousness standard.

When it is determined that a court lacks jurisdiction, its only course of action is to announce that fact and dismiss the case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'") (quoting *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868)). And this Court lacks jurisdiction.

For these reasons, Emrit's Motion to proceed in forma pauperis (ECF No. 2) is DENIED and the Complaint (ECF No. 1) is DISMISSED.

SO ORDERED on April 29, 2025.

                                                        s/ Holly A. Brady
                                                        CHIEF JUDGE HOLLY A. BRADY

UNITED STATES DISTRICT COURT